UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA JOHNSON,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | Case No.:  20-CV-1476-JAH-MDD<br><br>**ORDER:**<br><br>**GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]** |

　　　　Elisa Johnson ("Plaintiff"), a resident of the County of San Diego, State of California, has filed a Complaint under the Federal Tort Claims Act pursuant to 28 U.S.C. § 2671, ("Compl." Doc. No. 1), together with a Motion to Proceed *In Forma Pauperis* ("IFP") (Doc. No. 2). After a careful review of the record and for the reasons set forth below, the Court GRANTS Plaintiff's motion for leave to proceed IFP, [Doc. No. 2].

**I.　Motion to Proceed In Forma Pauperis**

　　　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

In support of her IFP Motion, Plaintiff has submitted an application to proceed in this Court without paying fees or costs. *See* Doc. No. 2. The application indicates Plaintiff is unemployed and received $2,660.00 per month in retirement benefits during the last twelve months. *Id.* at 4. Plaintiff has one checking account with a balance of $3,000.00. *Id.* at 2. Plaintiff's monthly expenses include the following: $965.00 for rent, $475.00 for utilities, $894.00 for home maintenance, $120.00 for food, $200.00 for clothing, $70.00 for laundry and dry cleaning, $220.00 for medical and dental expenses, $65.00 for transportation, and $45.00 for other miscellaneous costs. *Id.* at 6. Plaintiff's expenses are currently in excess of her monthly retirement benefits. Plaintiff receives no income from real property, investments, gifts, self-employment, or unemployment. *Id.* at 3-4. Plaintiff's spouse is deceased, and she has no supplementary source of income. *Id.* at 4. Additionally, Plaintiff anticipates no major changes to her income over the next twelve months. *Id.* at 7.

In accordance with the information presented, the Court finds the Plaintiff adequately demonstrates her inability to pay the Court filing fee required to proceed with the instant action. Therefore, the Court **GRANTS** the motion for leave to proceed IFP.

///

///

## II. Initial Screening per 28 U.S.C. § 1915(e)(2)(B)

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

### A. Standard of Review

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "[S]ection 1915(e) not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 200) (*en banc*).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

Additionally, A court may also dismiss an action *sua sponte* at any time for lack of subject matter jurisdiction. *California Diversified Promotions, Inc. v. Musick*, 505 F.2d

278, 280 (9th Cir. 1974). In contrast to dismissals for failure to state a claim, if the court lacks subject matter jurisdiction, it is not required to issue a summons or follow the other procedural requirements. *See Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1342 (9th Cir. 1981).

### B. Federal Tort Claim Act

The FTCA provides a remedy "for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee. 28 U.S.C. § 2672. Moreover, the FTCA provides that the exclusive remedy for torts committed by federal employees is a suit against the United States. 28 U.S.C. § 2679(b)(1). Based on Plaintiff's claims, Defendant, the United States of America, owned and operated the Veteran's Hospital in La Jolla. (*See* Compl. at 2). As such, Plaintiff alleges Defendant owed patients and visitors, including Plaintiff, a duty to ensure its hospital rooms were free of hazard. (*See* Compl. at 4).

Plaintiff further alleges Defendant breached that duty when its agents, servants or employees at the Veterans Hospital in La Jolla failed to keep the hospital room free of hazard by tying, organizing, and/or tightening patient's IV cords, because they were acting within the course and scope of their employment at all times. (*See* Compl. at 2, 4). Finally, Plaintiff goes on to allege that as a direct and proximate result of Defendant's breach, she suffered both physical and mental injuries after she tripped and fell over a patient's IV cords. (*See* Compl. at 4). Plaintiff now seeks monetary damages against the Defendant as a result of the harm Plaintiff suffered. (*See* Compl. at 4).

/ / /
/ / /
/ / /
/ / /
/ / /

As currently pleaded, the Court finds allegations of Plaintiff's complaint sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2).[2]

### III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).
2. The United States Marshal Service shall serve a copy of the complaint and summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.
3. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or document submitted for consideration by the Court. Plaintiff shall include with the original papers to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant or Defendant's counsel and the date of service.

**IT IS SO ORDERED**.

Dated: March 24, 2021

HON. JOHN A. HOUSTON
United States District Judge

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Tehan v. Wilhelm,* 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).